## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND BALTIMORE DIVISON

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.** _____ |
| | ) | |
| JOHNS HOPKINS UNIVERSITY | ) | JURY TRIAL DEMANDED |
| APPLIED PHYSICS LABORATORY, a | ) | |
| Maryland Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### VERIFIED COMPLAINT

COMES NOW Plaintiff, JANE DOE ("Doe"), by and through her attorneys, Daniel L. Cox, The Cox Law Center, LLC, and for her COMPLAINT against Defendant JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LABORATORY, states as follows:

### VENUE

1.      Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this case because there is a federal question involved between plaintiff and defendant that is a civil action arising under the Constitution and is substantially founded upon a federal law or statute.

2.      Pursuant to 28 U.S.C. § 1391(b)(1) & (2), Venue is proper in this Court because defendant is incorporated in this district, and because a substantial part of the events and omissions giving rise to this case occurred at Defendant's place of incorporation in this district.

### PARTIES

3.      Plaintiff, Jane Doe ("Doe") was at all times relevant an employee of Johns Hopkins University Applied Physics Laboratory, 11100 Johns Hopkins Road, Laurel, MD 20723.

4.      Defendant, Johns Hopkins University Applied Physics Laboratory, ("Defendant") is a Maryland corporation and employs more than fifteen employees.

## COMMON ALLEGATIONS

5.      Doe was an outstanding employee of John Hopkins University Applied Physics Laboratory.  She was employed by Defendant in May of 2016 and became a full-time employee in January of 2018.

6.      In response to the COVID-19 pandemic, Defendant required their employees to begin remote work. Defendant communicated via email with their employees, including Doe, a "mandatory" COVID-19 vaccination requirement on September 14, 2021. Defendant expected all employees to receive an initial dose of the COVID-19 vaccine by October 15, 2021.

7.      Defendant offered exemptions to the vaccination requirement only for those who received an approved medical or religious exemption from the Accommodations Coordinator.

8.      Doe discussed completing a religious exemption form with her supervisor on a Zoom call, who told her "just make sure you are doing so ethically."

9.      Doe called the Ethics Department following her Supervisor's statement to discuss filing an ethics complaint.  Defendant's Ethics Department discouraged Doe from filing the complaint, stating that her supervisor would know it was her that she probably didn't need to report it.

10.     On September 30, 2021, Doe submitted a complete and official Religious Accommodations Request. Doe requested exemption from the vaccination, as well as the periodic testing of the invasive nasal swabs. Doe noted in her submission her unwillingness to

share her private medical and religious information with a large group of people.

11.     On October 21, 2021, Doe had a phone call with Defendant's lawyer, Todd Farnsworth, to further discuss her religious exemption. Doe continued communication with Farnsworth via email on October 25, 2021, again indicating her unwillingness to receive the COVID-19 vaccination because of her deeply held religious beliefs. Farnsworth confirmed receipt of the email and that it would be included in her file.

12.     On November 18, 2021, Doe received an email from the Accommodations Coordinator that Defendant was receiving a high amount of exemption requests which would extend their processing timeline.

13.     Doe began returning to work for at least three days a week. Eventually, Doe started working more than three days a week as many employees were not comfortable returning to work yet.

14.     On December 28, 2021, Doe began to experience symptoms of COVID-19, and tested positive for the virus on December 29, 2021. Doe shortly thereafter filed a Short-Term Disability claim with Defendant.

15.     On January 4, 2022, the same day that Defendant acknowledged Doe's Short-Term Disability claim, Doe was notified via email by Defendant's Accommodations Coordinator that her religious accommodation request had been denied.  **Exhibit One.**

16.     Upon review of her religious exemption denial, Doe emailed the Accommodations Coordinator to clarify factual errors outlined by her request.  Defendant brushed aside Doe's clarifications, stating that it would still impose "undue burden" on their organization to allow employees to submit to periodic testing rather than receive the COVID-

19 vaccination.

17.     Doe responded to Defendant, demonstrating her willingness to pay for her own COVID-19 testing, willingness to wear a mask when needed onsite, and inquired why she could not continue to perform her work as a remote employee.  Doe expressed her willingness for hybrid work options, which included saliva testing and masking as an alternative.  Doe requested saliva testing because it was non-invasive and the nasal swab testing resulted in nose bleeds and a raw nasal passage. **Exhibit Two.**

18.     On January 6, 2022, Defendant told Doe that she may not return to work until she was cleared by Defendant's Medical Office as a result of her COVID diagnosis in late December 2021. Further, in the same email communication, Defendant attributed the denial of Doe's religious exemption request to "leadership expectation" even though Defendant told Doe that her position would be under a Flexible Work Arrangement.

19.     Doe responded to Defendant's email with a request to telework when possible and wear a mask to work to mitigate Defendant's concerns. Doe even stated that she would purchase the masks. Doe repeatedly demonstrated her willingness to cooperate with Defendant and find a workable accommodation. Regardless, Defendant again denied Doe the opportunity to return to work.  Defendant stated Doe's request had been fully adjudicated even though Doe had already pointed out a number of errors in her accommodation denial, which remained unaddressed.  Doe was never offered any possible accommodation options and informed Defendant of this fact.

20.     On January 7, 2022, Doe followed up with Defendant regarding her request for any accommodation that would allow her to retain her employment with Defendant without

Docusign Envelope ID: 0BFE225D-734D-497B-AA0A-B6414B3EDFA2

receiving the COVID-19 vaccination. Doe also officially filed an Ethics complaint against Defendant for their discriminatory treatment against her and the continuous pressure she faced to comply with the COVID-19 vaccination policy.

21.     Defendant's Accommodations Coordinator responded to Doe, informing her that Doe's religious exemption denial is final and no other accommodation would be possible.

22.     On January 10, 2022, Doctor Meegan Chestnut of Columbia Medical Practice sent a letter and medical exemption request, per JHU APL process, to Defendant, informing them that Doe should not receive a COVID-19 vaccination for at least three months after her COVID-19 diagnosis. This document, and the others submitted by Dr. Chestnut, stood as Doe's medical exemption request. Doctor Chestnut had extreme difficulty delivering this letter to Defendant. **Exhibit Three.**

23.     On January 11, 2022, Doe communicated to the Accommodation Coordinator her concerns of religious discrimination and sought clarification as to why her exemption request was denied, despite other similarly situated individuals having theirs accepted. Defendant responded with hostility and berated Doe for seeking further answers as to her denial. Defendant extended Doe's termination date to 5:00 PM on January 18, 2022 after Doe complained to Defendant that Defendant was trying to terminate her while she was on short term disability.

24.     On January 18, 2022 at 10:00 AM, Doe's Medical Exemption was flippantly dismissed by Defendant. Similarly situated individuals employed by Defendant who were denied medical or religious exemptions were provided thorough consideration and formal documentation.  Defendant's inconsistencies and disparate treatment further confirmed the

discriminatory treatment experienced by Doe.

25.    On January 18 2022 at 3:00 PM, Doe was officially fired from Defendant's employment via a Zoom call instead of the 5:00 PM deadline as originally stated by the Accommodations Coordinator.

26.    Defendant granted multiple other Religious and medical exemption accommodation requests of other religions and of Christianity from the COVID-19 vaccination mandate but disparately discriminated against Doe.  **Exhibit Four.**

27.    After Doe's termination, Defendant spoke with Doe's doctor without Doe's consent, violating her privacy and medical rights.

28.    On January 20, 2022, Defendant sent internal email communications about Doe's medical information, again without Doe's consent, constituting a severe violation of her private information.

29.    An employee of Defendant, Daniel Anna, sent an email to Doe's former co-workers who had approved accommodations requests. The email detailed saliva testing for COVID-19 as part of their on-site accommodations. This was the exact type of testing requested by Doe as part of her religious exemption request.

30.    Defendant contacted Doe on multiple occasions about the ethics complaint that Doe filed.  On one occasion, Doe notified Defendant's ethics investigator that Defendant's medical advisor had spoken with Doe's primary care physician, Dr. Chestnut, without Doe's consent and after she had been terminated for the purpose of discussion Doe's diagnosis and Dr. Chestnut's medical advice as it pertained to Doe.  On February 28, 2022, Doe's ethics complaint was officially terminated.

Docusign Envelope ID: 0BFE225D-734D-497B-AA0A-B6414B3EDFA2

31.    On April 21, 2022, Doe filed an official complaint with the Equal Employment Opportunity Commission.

**Count I — Unlawful Employment Practice in Violation of Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) – Religious Discrimination**

32.    JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

33.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

34.    At all times relevant, Defendant was an employer within the scope and definition of 42 U.S.C. § 2000e-2(a)(1) under Title VII of the Civil Rights Act.

35.    JANE DOE reasserts that she was subjected to severe discrimination and harassment on a regular and ongoing basis from the fall of 2021 until her termination in January of 2022.

36.    The discrimination and harassment experienced by JANE DOE was the result of JANE DOE's expression of her strongly held religious beliefs, which she made clearly known to her Employer when she filed her religious exemption request, per Defendant's own policies, to Defendant's COVID-19 vaccination requirement. The exemption was a declaration of her faith in order to receive an official accommodation from Defendant's COVID-19 vaccination requirement.  Defendants committed religious discrimination and failed to accommodate her when they rejected her multiple reasonable accommodation offers and provided no possible accommodation option to Doe.

37.    The discrimination faced by JANE DOE was so severe and pervasive so as to alter the conditions of the work environment by creating a hostile environment with, for

example, a persistent threat of termination and Defendant's refusal to engage in discussions regarding possible accommodation options.

38.    Upon Plaintiff filing her religious exemption and again after making Ethics reports to Defendant about the unwelcome discrimination, disparate treatment (where others received the accommodations requested by Defendant), harassment, and repeated efforts to push JANE DOE to act contrary to her faith, Defendant was on notice of the said unlawful employment practices.

39.    Then, after being on notice, Defendant terminated Plaintiff from her employment after she suffered acute and obvious discrimination, disparate treatment (where others received the accommodations requested by Defendant), harassment, and ongoing pervasive mockery of her religious faith by repeatedly rejecting it as any basis for her to object to the emergency use authorized (EUA) mandatory COVID-19 vaccination.

40.    The discrimination was pervasive and made absolutely known to Defendant and to the attention of the employees of Defendant who were authorized to do something about it.

41.    Defendant is liable for the failure to accommodate Plaintiff's religious exemption and the hostile work environment they created through the acts, failure to act, and omissions of their employees/managers.

42.    The foregoing acts perpetrated against JANE DOE by Defendant constitute acts of unlawful employment practice, in violation of 42 U.S.C. § 2000e-2(a)(1).

43.    As a result of the foregoing unlawful employment practices perpetrated against her by Defendants, JANE DOE suffered humiliation, emotional distress, physical pain, suffering, and has suffered economic losses, which are a direct and proximate cause of the foregoing

unlawful employment practices.

44.     JANE DOE is informed and believes, and thereupon alleges, that Defendant's conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE.

45.     JANE DOE is informed and believes, and thereupon alleges, that Defendant's conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE and discriminating against her disparately from other employees who were allowed accommodations from the COVID-19 vaccination.

46.     By reason thereof, JANE DOE is entitled to the imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, as amended, in a sum according to proof to be presented at trial.

**Count II— Unlawful Employment Practice in Violation of Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) – Hostile Work Environment because of Religion**

47.     JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

48.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

49.     At all times relevant, Defendant was an employer within the scope and definition of 42 U.S.C. § 2000e-2(a)(1) under Title VII of the Civil Rights Act.

50.     JANE DOE reasserts that she was subjected to severe discrimination on a regular and ongoing basis from the fall of 2021 until her termination in January of 2022.

51.     The discrimination and harassment experienced by JANE DOE was the result of

JANE DOE's expression of her strongly held religious beliefs, which she made clearly known to her Employer when she filed her religious exemption request, per Defendant's own policies, to Defendant's COVID-19 vaccination requirement. The exemption was a declaration of her faith in order to receive an official accommodation from Defendant's COVID-19 vaccination requirement. Defendants committed religious discrimination and failed to accommodate her when they rejected her multiple reasonable accommodation offers and provided no possible accommodation option to Doe.

52.    The discrimination faced by JANE DOE was so severe and pervasive so as to alter the conditions of the work environment by creating a hostile environment with, for example, a persistent threat of termination and Defendant's refusal to engage in discussions regarding possible accommodation options.

53.    Upon Plaintiff filing her religious exemption and again after making Ethics reports to Defendant about the unwelcome discrimination, disparate treatment (where others received the accommodations requested by Defendant), harassment, and repeated efforts to push JANE DOE to act contrary to her faith. Defendant was on notice of the said unlawful employment practices.

54.    The discrimination was pervasive and made absolutely known to Defendant and to the attention of the employees of Defendant who were authorized to do something about it.

55.    Defendant is liable for the hostile work environment they created through the acts and omissions of their employees/managers.

56.    The foregoing acts perpetrated against JANE DOE by Defendant constitute acts of unlawful employment practice, in violation of §42 U.S.C., 2000e-2(a)(1).

57.     As a result of the foregoing unlawful employment practices perpetrated against her by Defendants, JANE DOE suffered humiliation, emotional distress, physical pain, suffering, and has suffered economic losses, which are a direct and proximate cause of the foregoing unlawful employment practices.

58.     JANE DOE informed and believes, and thereupon alleges, that Defendant's conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE.

59.     By reason thereof, JANE DOE is entitled to the imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, as amended, in a sum according to proof to be presented at trial.

**Count III—Violation of Civil Rights Act of 1964 §42 U.S.C, 2000e-3(a) – Retaliation**

60.     JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

61.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, §42 U.S.C., 2000e-3(a) – retaliation.

62.     JANE DOE was discriminated and retaliated against and was subjected to unwelcome discrimination, disparate treatment (where others received the accommodations requested by Defendant), harassment, and repeated efforts to push JANE DOE to act contrary to her faith on a regular and ongoing basis from the fall of 2021 through her termination in January of 2022.

63.     JANE DOE was engaged in the protected activity of seeking a reasonable accommodation from the COVID-19 vaccination requirement and seeking redress of work

environment that was unwelcome discriminatory, harassing and in which she received disparate treatment (where others received the accommodations requested by Defendant) and was repeatedly push to act contrary to her strongly held religious beliefs.

64.    The discrimination and harassment experienced by JANE DOE was the result of JANE DOE's expression of her strongly held religious beliefs, which she made clearly known to her Employer when she filed her religious exemption request, per Defendant's own policies, to Defendant's COVID-19 vaccination requirement. The exemption was a declaration of her faith in order to receive an official accommodation from Defendant's COVID-19 vaccination requirement.  Defendants committed religious discrimination and failed to accommodate her when they rejected her multiple reasonable accommodation offers and provided no possible accommodation option to Doe.

65.    The discrimination faced by JANE DOE was so severe and pervasive so as to alter the conditions of the work environment by creating a hostile environment with, for example, a persistent threat of termination and Defendant's refusal to engage in discussions regarding possible accommodation options.

66.    JANE DOE, after making Ethics reports to Defendant about the unwelcome discrimination, disparate treatment (where others received the accommodations requested by Defendant), harassment, and repeated efforts to push JANE DOE to act contrary to her faith. Defendant was on notice of the said unlawful employment practices.

67.    The retaliation was so pervasive and made absolutely known to Defendant and to the attention of the employees of Defendant who were authorized to do something about it.

68.    Defendant took materially adverse action against JANE DOE by failing to

provide reasonable accommodation related to her strongly held religious belief and opposition to Defendant's COVID-19 vaccination requirement, failing to address the hostile work environment made known to Defendant through the Ethics complaint process, and ultimately terminating JANE DOE.

69.    Defendant is liable for the retaliation and religious discrimination they created through the acts and omissions of their employees and/or agents.

70.    The foregoing acts perpetrated against JANE DOE by Defendant constitute acts of unlawful retaliation, in violation of §42 U.S.C., 2000e-3(a).

71.    As a result of the foregoing unlawful employment practices perpetrated against her by Defendants, JANE DOE suffered humiliation, emotional distress, physical pain, suffering, and has suffered economic losses, which are a direct and proximate cause of the foregoing unlawful employment practices.

72.    JANE DOE informed and believes, and thereupon alleges, that Defendant's conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE.

73.    By reason thereof, JANE DOE is entitled to the imposition of punitive damages authorized by Title VII of the Civil Rights Act of 1964, as amended, in a sum according to proof to be presented at trial.

### Count IV – Title I, Americans with Disabilities Act Violation
### 42 U.S.C. § 12101 *et seq.*

74.    JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

75.     Title I of the Americans with Disabilities Act requires employers to provide reasonable accommodations for employees who have bona fide medical disabilities.

76.     On January 10, 2022, Doctor Meegan Chestnut of Columbia Medical Practice sent a letter to Defendant, informing them that JANE DOE should not receive a COVID-19 vaccination for at least three months after her COVID-19 diagnosis.

77.     The danger of taking a COVID-19 vaccination with the medical disability that JANE DOE possessed included permanent serious physical harm should the Defendant not provide a reasonable accommodation to her medical disability exemption request from the COVID-19 vaccine mandate.

78.     Rather than provide a reasonable accommodation to JANE DOE to allow her to continue working, Defendant dismissed JANE DOE's medical disability request a day after receiving her accommodation paperwork and terminated her hours later on January 18, 2022.

79.     JANE DOE was seriously and permanently harmed as a result of Defendants' actions.

80.     The foregoing acts perpetrated against JANE DOE by Defendant constitute acts of unlawful retaliation, in violation of 42 U.S.C. § 12101 *et seq.*

81.     As a result of the foregoing unlawful employment practices perpetrated against her by Defendants, JANE DOE suffered humiliation, emotional distress, physical pain, suffering, and has suffered economic losses, which are a direct and proximate cause of the foregoing unlawful employment practices.

82.     JANE DOE informed and believes, and thereupon alleges, that Defendant's

conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE.

83.    By reason thereof, JANE DOE is entitled to the imposition of punitive damages authorized by Title I of the Americans with Disabilities Act, as amended, in a sum according to proof to be presented at trial.

### Count V – Title I, Americans with Disabilities Act Violation
### 42 U.S.C. § 12101 *et seq.*

84.    JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

85.    Title I of the Americans with Disabilities Act requires employers to provide reasonable accommodations for employees who have bona fide medical disabilities, which include being regarded as having such an impairment.

86.    Between January 4, 2022 and January 18, 2022, JANE DOE attempted to obtain information from Defendant as to why there was no possible accommodation option related to her religious accommodation request from the COVID-19 vaccination policies.

87.    Defendant stated that JANE DOE mere presence as an unvaccinated individual, regardless of testing, masking, or any other accommodation, posed an unmitigable risk to Defendant.  By asserting such, Defendant considered JANE DOE's unvaccinated status to be a physiological condition related to her immune and respiratory system that impaired major life activities, such as interacting with others and working.

88.    Defendant discriminated against JANE DOE and failed to engage in an interactive process with Doe after Defendant's perception that JANE DOE had a bona fide medical disability.

89.     On multiple occasions, JANE DOE requested clarification from Defendant as to why various accommodation options were not made unavailable to her for her religious accommodation request, but which were extended to others.  Defendant therefore perceived JANE DOE as having a bona fide medical disability and discriminated against her by failing to explain why her unvaccinated status disability could not be accommodated, even though similarly situated persons had received accommodations from the COVD-19 vaccination requirement.    Defendant discriminated against JANE DOE through harassing communications, preventing JANE DOE from being onsite, working with others, and preventing from doing her work.

90.     Defendant denied JANE DOE's other medical accommodation request the same day further discriminated Doe when Defendant terminated her.  Employer failed to offer any accommodation options for onsite presence, which had already been permitted to multiple employees of Defendant.

91.     As a result of the foregoing unlawful employment practices perpetrated against her by Defendants, JANE DOE suffered humiliation, emotional distress, physical pain, suffering, and has suffered economic losses, which are a direct and proximate cause of the foregoing unlawful employment practices.

92.     JANE DOE informed and believes, and thereupon alleges, that Defendant's conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE.

93.     By reason thereof, JANE DOE is entitled to the imposition of punitive damages authorized by Title I of the Americans with Disabilities Act, as amended, in a sum according to

proof to be presented at trial.

### Count VI—Negligence

94.     JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

95.     Defendant breached their duty as an employer with access to sensitive medical information to the Plaintiff and to ensure equitable treatment of their employees.

96.     Defendant breached their duty to respect JANE DOE's right to privacy and freedom of religion by denying her religious exemption request.

97.     Defendant breached their duty by instituting negligent employee oversight in the application of their COVID-19 policies.

98.     Defendant was the actual and proximate causes of the harm suffered by JANE DOE. But for the actions of Defendant, JANE DOE would not have suffered the harm she did.

99.     JANE DOE suffered public humiliation and emotional harm amongst her co-workers and occupational field because of her termination as a result of her choice to not receive the COVID-19 vaccination.

100.    JANE DOE suffered both economic and non-economic harm including, but not limited to, mental and emotional suffering for the harm caused by Defendant's refusal to allow her to use a medical or religious exemption.

101.    By reason thereof, JANE DOE is entitled to the imposition of punitive damages in a sum according to proof to be presented at trial.

### Count VII—Breach of Contract

102.    JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

103.    Defendant breached their contact with JANE DOE by firing her without just cause as a result of her refusal to violate her strongly held religious belief by getting the COVID-19 vaccination.

104.    Pursuant to Restatement Second §159 of Contracts, Defendant misrepresented their employment offer to JANE DOE. Additionally, Defendant misrepresented their religious tolerance towards individuals, including JANE DOE.

105.    Furthermore, no informed consent for the COVID-19 vaccination was offered by Defendant as required by law after the change in contract terms to mandate the vaccine pursuant to the implementation of Defendant's COVID-19 policies.

106.    Pursuant to Restatement Second §161 of Contracts, Defendants failed to disclose material facts regarding JANE DOE's employment, particularly the requirement of vaccines pursuant to Defendant's judgement.

107.    By reason thereof, JANE DOE is entitled to the imposition of economic and punitive damages in a sum according to proof to be presented at trial.

**Count VIII—Invasion of Privacy**

108.    JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

109.    JANE DOE was subject to an unjustifiable intrusion into her personal life without consent. Defendant took substantial steps to inquire into her personal, private medical and

religious information.

110.   Medical information, such as vaccination status, is a private matter irrelevant to JANE DOE's ability to perform in her role.

111.   Defendant's refusal to grant JANE DOE a religious or medical exemption, but their willingness to do so for similarly situated individuals, is a blatant disregard of her religious beliefs. This action required Defendant to disclose further private information that is unwarranted.

112.   As a direct and proximate cause of the violation of JANE DOE's religious freedom, free exercise, and invasion of her privacy, JANE DOE suffered egregiously with extreme emotional distress.

113.   By reason thereof, JANE DOE is entitled to the imposition of both economic and non-economic damages in a sum according to proof to be presented at trial.

### COUNT IX—Retaliation and Interference
### 29 CFR § 1630.12 *et seq.*

114.   JANE DOE adopts and realleges each and every allegation of her Complaint as though fully set forth herein.

115.   JANE DOE was engaged in the protected activity of seeking a reasonable accommodation from the COVID-19 vaccination requirement and seeking redress of work environment that was unwelcome discriminatory, harassing and in which she received disparate treatment (where others received the accommodations requested by Defendant) and was repeatedly push to act contrary to the medical advice of her personal physician.

116.    Defendant took materially adverse action against JANE DOE by failing to provide reasonable accommodation related to her bona fide disabilities as it pertained to Defendant's COVID-19 vaccination requirement, failing to address the hostile work environment made known to Defendant through the Ethics complaint process, obtaining medical information from JANE DOE under false pretenses, and terminating JANE DOE.

117.    Defendant was the actual and proximate causes of the harm suffered by JANE DOE. But for the actions of Defendant, JANE DOE would not have suffered the harm she did.

118.    As a result of the foregoing unlawful employment practices perpetrated against her by Defendants, JANE DOE suffered humiliation, emotional distress, physical pain, suffering, and has suffered economic losses, which are a direct and proximate cause of the foregoing unlawful employment practices.

119.    JANE DOE informed and believes, and thereupon alleges, that Defendant's conduct as described above was intentional, willful, wanton, malicious and done in reckless disregard for the safety and well-being of JANE DOE.

120.    By reason thereof, JANE DOE is entitled to the imposition of punitive damages authorized by Title I of the Americans with Disabilities Act, as amended, in a sum according to proof to be presented at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the facts to be proven at trial, Plaintiff seeks monetary relief, in an amount to be determined by the jury, plus available fees, interests and costs, and such other further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury.

## AFFIRMATION AND VERIFICATION

I solemnly affirm, under penalty of perjury, that the foregoing facts and matters are true and

correct upon my best knowledge, information and belief.

DATE: March14, 2025                      _/s/____ _Jane Doe_ _____

Jane Doe (filed under seal)

Respectfully Submitted,
THE COX LAW CENTER, LLC


By: _____
Daniel L. Cox (AIS No. 0612120178)
Attorney for Plaintiff
The Cox Law Center, LLC
PO Box 545
Emmitsburg, MD, 21727
(p) 410-254-7000
(e) dcox@coxlawcenter.com