IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISON

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiff,<br><br>v.<br><br>JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LABORATORY, a Maryland Corporation,<br><br>          Defendant. | Case No. __1:25-cv-00861-EA__<br>JURY TRIAL DEMANDED |

## MOTION TO PROCEED PSEUDONYMOUSLY (NAME UNDER SEAL)

COMES NOW Plaintiff, JANE DOE ("Doe"), by and through her attorneys, Daniel L. Cox, The Cox Law Center, LLC, and MOVES the Court pursuant to LR 105.11 to permit her to proceed pseudonymously (name under seal), and for cause states as follows:

1. Federal Rule of Civil Procedure (FRCP) 10(a) requires the title of the complaint must name all parties, and FRCP 17(a) requires an action to be prosecuted in the name of the real party in interest.

2. Plaintiff has a top-secret (TSSCIF) clearance and is at risk of both personal, irreparable harm and harm to the United States should her name be publicly disseminated in this proceeding.

3. The public interest in knowing her identity is nullified by national security interests and her personal safety.

4. There is a risk of retaliatory harm in her field of work should her name be publicly disseminated.

5. The identity of the plaintiff is presently and has always been top secret and is not known or associated with this matter or any related matter involving the issues or facts in this case or any related matter.

6. There is no public benefit for making her name public as the litigant is not a public figure, has a top-secret clearance, and has never been subject to any public exposure by national security requirements for secrecy.

7. Because of the purely legal nature of the issues presented, and the factual issues presented being subject to national security secrecy, there is an atypical weakness of public interest in knowing the litigant's identity.

8. The motivations of the plaintiff are legitimate and verified herein, and thus lends no public purpose to dissemination of her identity in relation to her former employer herein.

9. The defendant is a major government contractor and as such may have an interest in seeking protective orders for secrecy and/or confidentiality in this matter, which would further lend support for the plaintiff's identity remaining confidential.

10. The information pertaining to plaintiff herein involved private, medically protected information that should not be available to the general public.

11. The risk of injury to plaintiff should her identity be made public is significant, including permanent and substantial harm to her career as well as potentially to her physical, emotional and financial well-being. Such harm would be irreparable. She would stand to forever lose her career in the highly sensitive defense and top-secret clearance work industry. She would be exposed to both domestic and foreign actors gaining information about her highly sensitive and protected health and medical information, the fact in this case related directly to her former work with her employer, her United States top-secret clearance could be

revoked, and her life, mental health, and her financial stability would likely be permanently and irreparably harmed should her information be disseminated to the public.

12. Plaintiff does not ask the Court to seal the entire case; only merely her name and the redactions of other names and identities in her exhibits attached to her Complaint. Any further redactions and/or confidentiality requests would be later requested by the appropriate motion and/or consent motion or protective order.

13. There is no prejudice to defendant by use of her pseudonym and no less drastic means are available to her in order to proceed in this matter. A motion to seal in this Court must also comply with Local Rule 105.11, which requires that the motion "shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." This rule "endeavors to protect the common-law right to inspect and copy judicial records and documents, while recognizing that competing interests sometimes outweigh the public's right of access." *Simpson v. Techonology Serv. Corp.*, Civ. No. DKC-14-1968, 2015 WL 6447253, at *3 (D. Md. Oct. 22, 2015) (citations omitted). Before granting a motion to seal, "the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents." *Id*.

*Doe v. Univ. of Md. Med. Sys. Corp.*, CIVIL SAG-23-1572, 3 (D. Md. Jun. 12, 2023)(Judge Stephanie Gallagher).

14. "The Fourth Circuit has "recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including [the] use of a pseudonym." *Pub. Citizen*, 749 F.3d at 273 (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993))" *Doe v. Univ. of Md. Med. Sys. Corp.*, CIVIL SAG-23-1572, 4 (D. Md. Jun. 12, 2023)

WHEREFORE, for the foregoing reasons and grounds, Plaintiff respectfully requests this Court to permit her to proceed pseudonymously and only reveal her name and identity to the Court filed under seal.

Respectfully submitted,

THE COX LAW CENTER, LLC

BY: */s/ Daniel L. Cox*
Daniel L. Cox (Fed. Bar no. 28245)
The Cox Law Center, LLC
PO Box 545
Emmitsburg, MD, 21727
(p) 410-254-7000
(e) dcox@coxlawcenter.com
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on this 15th day of March 2025, that the foregoing Motion to Proceed Pseudonymously (Name Under Seal) was filed via the ECF electronic filing system and as such was distributed and is available to defendant, parties and/or attorneys of record. I further certify that no information required to be redacted is included herewith.

_____/s/_____
Daniel L. Cox